IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE J. NEMO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No:2:05CV926-T |
| ) | |
| TITLEMAX, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Titlemax of Alabama, Inc., incorrectly named in the Complaint as Titlemax, Inc., in answer to and defense of the Complaint served upon it, states as follows:

1. With regard to the allegations contained in Paragraph 1 of the Complaint, Defendant is without sufficient knowledge to admit or deny that Plaintiff resides at 1715 County Road 21, North in Prattville, Alabama 36067.

2. With regard to the allegations contained in Paragraph 2 of the Complaint, Defendant denies that its name is Titlemax, Inc. With regard to the remaining allegations in Paragraph 2, Defendant denies that its principal office is located at 24 Drayton Street, Suite 610 Savannah, GA 31401. Defendant admits only that it is in the title pawn business and admits that it has over 200 employees. Defendant denies any remaining allegations contained in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiff purports to describe the statutory basis of his Complaint and the relief sought and further admits that this Court has jurisdiction over claims properly brought pursuant to Title VII

of the Civil Rights Act of 1964. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint and specifically denies that this matter is properly before the Court under the circumstances herein.

4. With regard to the allegations contained in Paragraph 4 of the Complaint, Defendant admits only that Plaintiff attempts to describe the basis of his Complaint and that Plaintiff was demoted from manager to assistant manager. Defendant denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. With regard to the allegations contained in Paragraph 9 of the Complaint, Defendant denies that it discriminated against Plaintiff and specifically denies that it discriminated as described in the narrative contained in the referenced attachments.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, and specifically denies that any illegal activity took place.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. With regard to the allegations contained in Paragraph 12 of the Complaint, Defendant denies that Plaintiff is entitled to recover back pay or any other relief.

13. All allegations contained in the Complaint and not heretofore specifically admitted, denied, or modified are denied as if fully set forth herein.

## AFFIRMATIVE DEFENSES

1. Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

2. Defendant avers that all or part of this action is barred by the applicable statutes of limitations.

3. Defendant avers that Plaintiff is estopped and barred from alleging in this action all matters under 42 U.S.C. § 2000e, et seq., which were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission.

4. Defendant avers that this action and the remedies sought are barred by Plaintiff's failure to comply with all conditions precedent to the commencement of this action.

5. Defendant avers that some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust administrative remedies.

6. Defendant avers that Plaintiff's race was not a substantial or determining factor in any decisions made concerning Plaintiff's employment status.

7. Defendant avers that any employment decisions made concerning Plaintiff were done for legitimate non-discriminatory business reasons unrelated to Plaintiff's race.

8. Without admitting any of the allegations in the Complaint, Defendant avers that Plaintiff is not entitled to punitive damages under Title VII because none of the actions complained of were taken maliciously, intentionally, in bad faith, or with callous or reckless disregard for the federally protected rights of the Plaintiff.

9. Without admitting any of the allegations contained in the Complaint, Defendant

avers that to the extent the Complaint seeks punitive damages, it violates Defendant's right to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution and it violates Defendant's right to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and therefore fails to state a cause of action supporting the punitive damages claimed.

10. Defendant avers that Plaintiff failed to mitigate his damages, if any.

11. Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

12. Defendant avers that Plaintiff's claims for relief under Title VII of the Civil Rights Act of 1964, as amended, are subject to applicable caps on backpay and on compensatory and punitive damages.

13. Defendant avers that some or all of the claims in the Complaint and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

14. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

Respectfully submitted,

LEWIS FISHER HENDERSON
& CLAXTON, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone (901) 767-6160
Facsimile (901) 767-7411

By: _____
James R. Mulroy, II (TN Bar No. 000098)
jmulroy@lfhc.com
Kelly S. Gooch (TN Bar No. 14325)
kellyg@lfhc.com
Craig A. Cowart/No. ASB-3755-R72C
craigc@lfhc.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 7 day of November, 2005, caused to be placed in the United States Mail, postage prepaid, certified mail, a true and correct copy of the foregoing **ANSWER** to:

Steve J. Nemo
1715 County Road 21, North
Prattville, Alabama 36067

_____