IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEVE J. NEMO,                          )
                                        )
                 Plaintiff,             )
                                        )
v.                                      )        CIVIL ACTION NO. 2:05CV926-T
                                        )
TITLEMAX, INC.,  a corporation,         )
                                        )
                 Defendants.            )

## ORDER

Based upon the court's review of the complaint and answer in this lawsuit, and based upon the plaintiff's and defense counsel's representations to the court at the scheduling conference conducted on this date, it is ORDERED as follows:

1.    On or before 6 January 2006, the plaintiff shall file with the Clerk of the court an itemization of his backpay entitlement as of that date, including his alleged wage loss, wage differential,  interim earnings and any other interim monetary benefits that are required by law to be set off against his equitable backpay claim.

2.    For purposes of preparing the backpay statement, the defendant shall cooperate with the plaintiff and provide   - outside of formal discovery -   documents containing facts and figures related to the plaintiff's actual pay, inclusive dates of employment as manager and assistant manager, and work schedule (hours, days, etc.), and the actual pay, inclusive dates of employment, and work schedule of the person who replaced the plaintiff as manager of the subject Titlemax store.  For purposes of the plaintiff's preparation of his backpay

statement, the defendant shall also provide documents containing facts and figures related to the actual pay, inclusive dates of employment, and work schedule (hours, days, etc.) of the "new" manager of the subject Titlemax store.

3.      For purposes of preparing his backpay statement, the plaintiff shall perform two computations: (a) The first computation shall be the difference between the plaintiff's pay as manager of the store (had he continued in the position) and the actual wages paid to his replacement as manager and to the second replacement as manager.  That computation is called the "pay differential"; (b) The second computation shall be the difference between the amount that the plaintiff would have earned had he remained in the manager's position and the actual pay that the plaintiff received after his demotion.[1]

4.      The backpay statements shall not consider compensatory or punitive damages, and the statement shall conclude in a definite monetary figure which shall constitute the plaintiff's backpay claim as of the date of filing.

DONE this 29th day of November, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1]At the scheduling conference, the plaintiff advised the court that his pay remained the same after his demotion.  Therefore, there may not be a differential.