IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE J. NEMO | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 2:05-CV-00926-MHT |
| | ) |
| TITLE MAX d/b/a U. S. TITLE PAWN, INC., | ) |
| | ) |
| | ) |
|     Defendant. | ) |

## AMENDED COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for legal and equitable relief to redress unlawful race discrimination in employment, and to redress the harms imposed in violation of state tort law.

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343; pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000, *et seq.*, including 42 U.S.C. § 2000e-3(a); and pursuant to 42 U.S.C. § 2000e-5(f)(3) and (g); and 42 U.S.C. § 1981. In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act). Furthermore, the jurisdiction over Plaintiff's claims for costs, expenses and attorney fees is conferred by 42 U.S.C. § 1988.

3. Plaintiff has exhausted the necessary administrative prerequisites. Prior to filing this civil action, Plaintiff timely filed a written Charge of Discrimination with the

        Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts and within 90 days of the Right-to-Sue letter from the EEOC dated July 1, 2005. Plaintiff timely filed his lawsuit pro se on September 28, 2005.

4. Jurisdiction over Plaintiff's claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S.C. § 1367.

5. All acts complained of herein relate to Plaintiff's employment within the Middle District of Alabama, 28 U.S.C. § 1391 and § 1391 (b)(c).

## II. THE PARTIES

6. <u>Steven J. Nemo</u> - Steven J. Nemo is a resident of Autauga County, Alabama. He is currently employed as an assistant manager of Defendant's U.S. Title Pawn store in Prattville, Alabama. Plaintiff Nemo was demoted from his position as manager on September 7, 2004.

7. <u>Titlemax of Alabama, Inc.</u> – Defendant Titlemax of Alabama, Inc. is a Delaware limited liability company doing business in the State of Alabama. Defendant is the parent company for U.S. Title Pawn and TitleBucks and is in the business of providing loans to consumers in exchange for car titles. Defendant is an "employer" within the meaning of Title VII, and is subject to suit under all of the claims alleged herein.

8. Defendant is subject to personal jurisdiction in the state of Alabama for the purpose of this lawsuit.

## III. FACTS

9. In February 2002, Plaintiff was hired to work as an assistant manager at TitleMax's Southern Boulevard location.

10. Plaintiff's starting salary was $20,800.

11. James Berry, a white male, was Plaintiff's district manager until April 2004.

12. In April 2004, Michael Knight, a white male replaced Berry as Plaintiff's district manager.

13. Dave Deal, a white male, is the regional manager for the stores which includes, but is not limited to Defendant's TitleMax, U.S. Title Pawn and TitleBucks stores in Montgomery and Prattville, AL.

14. Deal has been the regional manager throughout Plaintiff's employment.

15. Upon information and belief, in company meetings Deal has informed managers that they would never be demoted for having "slow files".

16. Plaintiff never received a personnel handbook.

17. Plaintiff never received written guidelines regarding the performance of his duties as an assistant manager or manager.

18. Plaintiff did not receive any formal training for his position as assistant manager or manager.

19. Fortunately, Plaintiff was able to build upon his prior experiences in the rent-to-own business, an industry with similar principles to that of Defendant.

20. Defendant does not have written qualifications or guidelines for promotions.

21. Defendant does not have written guidelines for raises or pay increases.

22. In April 2003, Plaintiff was promoted to manager and transferred to Defendant's U.S. Title Pawn Fairview Avenue store.

23. Plaintiff's manager salary was $26,000.

24. At the time of his promotion and transfer, Plaintiff requested a salary of $30,000.

25. Plaintiff's request was denied.

26. Upon information and belief, Defendant has a pattern and practice of paying qualified and experienced African American managers lower salaries than similarly situated white managers.

27. In September 2003, Plaintiff accepted a transfer to Defendant's U.S. Title Pawn store in Prattville, AL.

28. At the time of this, the Prattville U.S. Title Pawn store was considered to be a relatively new store.

29. Plaintiff made numerous requests to Berry for a pay raise.

30. Berry denied each of Plaintiff's requests.

31. For example, in one such request made via e-mail, Berry responded by instructing Plaintiff to "stop joking and playing on the computer."

32. Plaintiff also made similar requests to Knight for a raise.

33. Knight likewise denied Plaintiff's requests.

34. As the volume and number of accounts increased, Plaintiff requested an assistant. This request was denied.

35. Thereafter, Plaintiff made repeated requests for an assistant.

36. Approximately eight months after Plaintiff's initial request, Jack Bozeman, a white male, was eventually transferred to assist Plaintiff.

37. Upon information and belief, white managers are provided assistants within a short period of time.

38. Bozeman was Plaintiff's assistant for only three weeks.

39. Plaintiff did not receive any performance appraisals during his tenure as manager.

40. However, twice a month, the district manager is responsible for performing an audit of each store in their district.

41. Managers are not provided written guidelines for these audits.

42. Upon information and belief, the procedures used and the outcome of each audit is completely within the discretion of the district manager performing the audit.

43. Berry and Knight conducted numerous audits of Plaintiff's stores.

44. Berry did not reprimand or otherwise discipline Plaintiff based on the audits he performed.

45. Knight did not reprimand or otherwise discipline Plaintiff based on the audits he performed.

46. In December 2003, Plaintiff received a written warning for allegedly modifying the company's interest free policy.

47. Plaintiff denied the allegations in the warning, indicating that he believed that he was working within Defendant's policies.

48. In March 2004, Berry informed Dave Deal that George Hare, a white male, was "in training" and slated to assume the manager duties at its Prattville U.S. Title Pawn location.

49. Hare's salary was $30,000.

50. When Plaintiff questioned Berry about this change, Berry denied having any knowledge that Hare would become the manager of the Prattville U.S. Title Pawn store nor did he express any dissatisfaction with the manner in which Plaintiff performed his duties.

51. On September 7, 2004, Plaintiff was demoted to assistant manager and transferred to Defendant's TitleMax store in Prattville, AL.

52. Plaintiff was replaced by Kevin Godwin, a white male.

53. Godwin's salary was $30,000.

54. Godwin had only three months of experience.

55. Shortly after his hire as manager of Prattville U.S. Pawn location, Godwin was provided with an assistant to help with the store.

56. At the Prattville TitleMax store, Plaintiff worked under the supervision of David Cox, a white male.

57. Cox has on several occasions demonstrated his racial animus towards African Americans. For example, Cox made derogatory comments to James Berry about Plaintiff stating, "I hope that black son-of-a-bitch fails."

58. Upon information and belief, Berry did not reprimand or otherwise discipline Cox for making this statement.

59. Cox has used the "N" word when referring to Plaintiff.

60. Cox treated Plaintiff differently than other similarly situated white employees when Plaintiff was assigned to his store.

61. Upon information and belief, Cox also encouraged and facilitated baseless customer complaints against Plaintiff.

62. After ten months at the Prattville TitleMax location, Plaintiff was transferred back to Prattville U.S. Title Pawn to work as an assistant under Jack Bozeman his former assistant.

63. Upon information and belief, Knight persuaded Bozeman to take the manager position at the U.S. Title Pawn store.

64. Upon information and belief, Bozeman has expressed his lack of experience and knowledge to Knight stating, "Steve has to watch after me."

65. Knight responded to this comment by stating, "It should be the other way around." Knight also commented that Bozeman was "talking too much".

66. Plaintiff's treatment is a part of a pattern and practice of racial discrimination which includes the demotion, payment of a lower salary than similarly situated white employees, the denial of a raise, and other adverse terms and conditions of employment.

67. A racially discriminatory work environment existed and continues to exist from the time of Plaintiff's hire throughout his employment.

68. Plaintiff believes that racial discrimination is the standard operating procedure at TitleMax and U.S. Title Pawn stores.

69. Plaintiff has been and continues to be discriminated against in the terms, conditions and privileges of employment, as stated above, based on his race and because he opposed racial discrimination.

70. Plaintiff was directly affected by said discriminatory and retaliatory practices and by being deprived of the opportunity to work in an environment free of racial discrimination and retaliation. Such discrimination and retaliation denied Plaintiff the right to work in a racially integrated work environment and otherwise affected his opportunity for enjoyment of work as compared to white employees.

71. As a direct and proximate result of said acts, Plaintiff is entitled to back pay with interest, reinstatement to a manager position at a proper location, front pay and compensatory and punitive damages, attorneys' fees and costs.

### IV. STATEMENT OF CLAIMS

**CLAIM ONE**
**VIOLATION OF TITLE VII, 42 U.S. C. § 2000e *et seq*.**
**(Discrimination on the Basis of Race)**

72. Plaintiff realleges the above paragraphs as if fully set out herein.

73. Plaintiff is a member of a class protected by 42 U.S.C. § 2000e *et seq.*, and is qualified for employment with TitleMax of Alabama, Inc.

74. The conduct of Defendant, TitleMax of Alabama, Inc., as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and is part of Defendant's pattern and practice of discrimination on the basis of

race.  Plaintiff was denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e *et seq.*, *as amended*, 42 U.S.C. § 1981a, and was not given equal opportunity in the terms and conditions of his employment.

75. Defendant's said treatment of Plaintiff on the basis of race altered the terms and conditions of Plaintiff's employment and unreasonably interfered with Plaintiff's opportunity and ability to perform his job.

76. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to his reputation.

## CLAIM TWO
## VIOLATION OF 42 U.S.C. § 1981
### (Discrimination and Retaliation on the Basis of Race)

77. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

78. Plaintiff is a member of a class protected by 42 U.S.C. § 1981 and is qualified for employment with TitleMax of Alabama, Inc.

79. The conduct of Defendant, its agents and employees constitutes unlawful discrimination and retaliation against Plaintiff on the basis of race, in violation of 42 U.S.C. § 1981, and constitutes part of Defendant's pattern and practice of retaliation and discrimination on the basis of race.

80. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to his reputation.

## CLAIM THREE
## RETALIATION UNDER TITLE VII

81. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

82. The conduct of Defendant as set forth herein against Plaintiff constitutes unlawful retaliation against Plaintiff for having opposed discriminatory treatment based upon race, in violation of Title VII and § 1981a.

83. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to his reputation.

## CLAIM FOUR
## NEGLIGENT SUPERVISION AND TRAINING

84. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

85. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligent supervision and training.

86. At all relevant times, Defendant was and continues to be responsible for the training and supervision of its regional, district and store managers at its various locations throughout Alabama.

87. The conduct of Defendant, as set forth above, was a breach of said Defendant's duty to Plaintiff to exercise due care in supervising and training employees, and such breach proximately caused Plaintiff to be discriminated and retaliated

against, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM FIVE
## NEGLIGENT RETENTION

88. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

89. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligent retention.

90. The conduct of Defendant, as set forth above, was a breach of said Defendant's duty to Plaintiff to exercise due care in supervising and training employees, and such breach proximately caused Plaintiff to be discriminated and retaliated against, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM SIX
## NEGLIGENCE

91. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

92. This is a claim arising under the law of the state of Alabama claiming that Defendant committed the tort of negligence.

93. Defendant, by its actions and omissions, breached the standard of care owed to Plaintiff. The conduct of Defendant, as set forth herein, was a breach of its duty to Plaintiff to exercise due care.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant:

(a)  Declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. §§ 1981, 1981a and 2000e, *et seq.*, and state tort law;

(b)  Granting to Plaintiff reasonable attorneys' fees, expert fees, costs, and expenses incurred herein, 42 U.S.C. §§ 1988 & 2000e-5(k);

(c)  Granting to Plaintiff compensatory, liquidated, and punitive damages to the extent permitted by law;

(d)  Retaining jurisdiction over this action until the Defendant, TitleMax of Alabama, Inc. has fully complied with the Orders of this Court and requiring said Defendant to file such reports as may be necessary to supervise such compliance;

(e)  Permanently enjoining Defendant from taking any retaliatory action against Defendant;

(f)  Ordering Defendant, TitleMax of Alabama, Inc., to adopt and strictly enforce written rules prohibiting discrimination and retaliation in the workplace; that such rules provide for the prompt and appropriate investigation of all related complaints; and that such rules require formal disciplinary action to be taken against any employee or agent found to have engaged in such discrimination or retaliation against any employee;

(g)  Granting such other, further, and different relief to Plaintiff which it may deem proper.

Respectfully submitted this the 10<u>th</u> day of <u>March</u>, 2006.

/s/ Maricia Woodham_____
MARICIA WOODHAM (*BEN050)*
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Rd.; Suite 100-5
Montgomery, AL 36106
Telephone: (334) 271-2770
Facsimile: (334) 277-2882

## CERTIFICATE OF SERVICE

I do hereby certify that on the 10th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James R. Mulroy, II, Esq.
Kelly S. Gooch, Esq.
Lewis, Fisher, Henderson & Claxton, LLP
6410 Poplar Avenue, Ste. 300
Memphis, TN 38119

/s/ Maricia Woodham_____
Maricia Woodham