**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| STEVE J. NEMO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No:2:05CV926-T |
| | ) | |
| TITLEMAX d/b/a U.S. TITLE | ) | |
| PAWN, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant Titlemax of Alabama, Inc., incorrectly named in the Amended Complaint as TitleMax d/b/a U.S. Title Pawn, Inc., in answer to and defense of the Amended Complaint served upon it, states as follows:

### I.    JURISDICTION AND VENUE

1.     With respect to the allegations contained in Paragraph 1 of the Amended Complaint, Defendant admits only that Plaintiff purports to describe the basis of his Amended Complaint and the relief he is seeking.  Defendant denies the remaining allegations contained in Paragraph 1 and specifically denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any of the relief he is seeking.

2.     With respect to the allegations contained in Paragraph 2 of the Amended Complaint, Defendant admits only that this Court has subject matter jurisdiction over Plaintiff's federal law claims.  Defendant denies that it engaged in any unlawful conduct.

3.     Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the Amended Complaint.

      4.     With respect to the allegations contained in Paragraph 4 of the Amended Complaint, Defendant admits that the Court has subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, but denies that Plaintiff's state law claims are viable because they are barred by the exclusive remedy provision of the Alabama Workers' Compensation Act, Ala. Code Ann. § 25-5-1 *et seq.*

      5.     With respect to the allegations contained in Paragraph 5 of the Amended Complaint, Defendant admits that venue is proper in this Court.

## II.    THE PARTIES

      6.     With respect to the allegations contained in Paragraph 6 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief at the truth of the allegation that Plaintiff is a resident of Autauga County, Alabama. Defendant admits that Plaintiff is currently employed by Defendant as an assistant manager at its store in Prattville, Alabama. Defendant further admits that Plaintiff was demoted from manager to assistant manager on September 7, 2004.

      7.     With respect to the allegations contained in Paragraph 7 of the Amended Complaint, Defendant admits only that it is an "employer" within the meaning of Title VII. Defendant denies the remaining allegations contained in Paragraph 7.

      8.     Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

## III.    FACTS

9.      With respect to the allegations contained in Paragraph 9 of the Amended Complaint, Defendant admits only that Plaintiff was hired by Defendant in January 2002 to work as an assistant manager in its Southern Boulevard store.  Defendant denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.     With respect to the allegations contained in Paragraph 10 of the Amended Complaint, Defendant admits that Plaintiff's starting annualized compensation was $20,800.  Defendant denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendant denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Defendant is without knowledge or information sufficient to form a belief at the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Defendant admits the allegations contained in Paragraph 20 of the Amended Complaint.

21.    Defendant admits the allegations contained in Paragraph 21 of the Amended Complaint.

22.    With respect to the allegations contained in Paragraph 22 of the Amended Complaint, Defendant admits only that Plaintiff was promoted to manager of Defendant's Fairview Avenue store in September 2003. Defendant denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.    Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Defendant is without knowledge or information sufficient to form a belief at the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief at the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.    With respect to the allegations contained in Paragraph 27 of the Amended Complaint, Defendant admits only that Plaintiff was transferred to Defendant's Prattville store in May 2004. Defendant denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.     With respect to the allegations contained in Paragraph 28 of the Amended Complaint, Defendant admits only that its Prattville store opened November 3, 2003.  Defendant denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant admits the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     With respect to the allegations contained in Paragraph 43 of the Amended Complaint, Defendant admits that Berry and Knight conducted audits of Plaintiff's stores. Defendant denies the remaining allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

46.     With respect to the allegations contained in Paragraph 46 of the Amended Complaint, Defendant admits that Plaintiff received a warning for violating the Company's interest rate policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendant admits the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendant admits the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendant admits the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendant admits the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     With respect to the allegations contained in Paragraph 55 of the Amended Complaint, Defendant admits that an assistant manager was assigned to the Prattville U.S. Title Pawn store when the store's increased volume justified the assignment.  Defendant denies the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendant admits the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended

Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.     With respect to the allegations contained in Paragraph 62 of the Amended Complaint, Defendant admits that Plaintiff was transferred back to the Prattville U.S. Title Pawn store where Jack Bozeman was the store manager.  Defendant denies the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     With respect to the allegations contained in Paragraph 68 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief at the truth of what Plaintiff "believes."  Defendant denies the remaining allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.     With respect to the allegations contained in Paragraph 72 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

73.     Defendant admits the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.     With respect to the allegations contained in Paragraph 77 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

78.     Defendant admits the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Amended

Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.     With respect to the allegations contained in Paragraph 81 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

82.     Defendant denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.     With respect to the allegations contained in Paragraph 84 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

85.     With respect to the allegations contained in Paragraph 85 of the Amended Complaint, Defendant admits only that Plaintiff purports to describe the basis of his claim.  Defendant denies the remaining allegations contained in Paragraph 85 of the Amended Complaint and specifically denies that it engaged in any unlawful conduct.

86.     Defendant admits the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.     With respect to the allegations contained in Paragraph 88 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth

herein.

89.     With respect to the allegations contained in Paragraph 89 of the Amended Complaint, Defendant admits only that Plaintiff purports to describe the basis of his claim.  Defendant denies the remaining allegations contained in Paragraph 89 of the Amended Complaint and specifically denies that it engaged in any unlawful conduct.

90.     Defendant denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.     With respect to the allegations contained in Paragraph 91 of the Amended Complaint, Defendant incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

92.     With respect to the allegations contained in Paragraph 92 of the Amended Complaint, Defendant admits only that Plaintiff purports to describe the basis of his claim.  Defendant denies the remaining allegations contained in Paragraph 92 of the Amended Complaint and specifically denies that it engaged in any unlawful conduct.

93.     Defendant denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendant denies that Plaintiff is entitled to any of the relief sought in Plaintiff's "Prayer for Relief," including subparagraphs (a)-(g) therein.

95.     All allegations contained in the Complaint and not heretofore specifically admitted, denied, or modified are denied as if fully set forth herein.

## AFFIRMATIVE DEFENSES

1.     Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

2.     Defendant avers that all or part of this action is barred by the applicable statutes of limitations.

3.     Defendant avers that some or all of Plaintiff's claims are barred by the exclusive remedy provision of the Alabama Workers' Compensation Act, Ala. Code Ann. § 25-5-1 *et seq.*

4.     Defendant avers that if Plaintiff suffered any injury or damage, as alleged, to be alleged or otherwise, then, in that event, said injury and/or damage was caused or contributed to by Plaintiff's own conduct, or the conduct of a third party, including, but not limited to, carelessness, recklessness, assumption of the risk, consent, comparative negligence and/or breach of covenants and conditions on his part to be performed, thereby barring or reducing Plaintiff's claims against Defendant.

5.     Defendant avers that Plaintiff is estopped and barred from alleging in this action all matters under 42 U.S.C. § 2000e, *et seq.*, which were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission.

6.     Defendant avers that this action and the remedies sought are barred by Plaintiff's failure to comply with all conditions precedent to the commencement of this action.

7.     Defendant avers that some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust administrative remedies.

8.     Defendant avers that Plaintiff's race was not a substantial or determining factor in any decisions made concerning Plaintiff's employment status.

9.     Defendant avers that any employment decisions made concerning Plaintiff were done

for legitimate non-discriminatory business reasons unrelated to Plaintiff's race.

10.     Defendant avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently sever or pervasive to create a hostile work environment.

11.     Defendant avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, such conduct was neither unwelcome by Plaintiff nor offensive to a reasonable person.

12.     Defendant avers that it exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior.

13.     Defendant avers that Plaintiff suffered no tangible job detriment as a consequence of the conduct alleged in the Complaint.

14.     Defendant avers that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

15.     Defendant avers that it cannot be held liable for acts of its employees committed outside the scope of their employment.

16.     Defendant avers that it cannot be held liable for acts of its employees which it neither authorized nor ratified.

17.     Without admitting any of the allegations in the Complaint, Defendant avers that Plaintiff is not entitled to punitive damages because none of the actions complained of were taken maliciously, intentionally, in bad faith, or with callous or reckless disregard for the federally protected rights of the Plaintiff.

18.     Without admitting any of the allegations contained in the Complaint, Defendant avers that to the extent the Complaint seeks punitive damages, it violates Defendant's right to protection

from excessive fines as provided by the Eighth Amendment to the United States Constitution and it violates Defendant's right to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and therefore fails to state a cause of action supporting the punitive damages claimed.

19.    Defendant avers that Plaintiff failed to mitigate his damages, if any.

20.    Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to its attorneys' fees and other costs associated with the defense of this action.

21.    Defendant avers that Plaintiff's claims for relief under Title VII of the Civil Rights Act of 1964, as amended, are subject to applicable caps on back pay and on compensatory and punitive damages.

22.    Defendant avers that some or all of the claims in the Complaint and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

23.    Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully responded to the allegations of the Amended Complaint, Defendant prays that the Amended Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant recover against Plaintiff all costs, expenses and reasonable attorneys' fees incurred by Defendant, and such other, further, general and specific relief to which Defendant is entitled.

Respectfully submitted,

LEWIS FISHER HENDERSON
CLAXTON & MULROY, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone (901) 767-6160
Facsimile (901) 767-7411


By:     /s/ James R. Mulroy, II
        James R. Mulroy, II (TN Bar No. 000098)
        jrmulroy@lfhc.com
        Kelly S. Gooch (TN Bar No. 14325)
        kellyg@lfhc.com

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that I have this 3rd day of April, 2006, electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Maricia Woodham, Esq.
Sabel & Sabel, PC
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106


/s/ James R. Mulroy, II