IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE J. NEMO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No:2:05CV926-T |
| ) | |
| TITLEMAX d/b/a U.S. TITLE ) | |
| PAWN, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, pursuant to Fed. R. Civ. P. 56, moves for summary judgment on the grounds that there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law with respect to all claims raised in Plaintiff's Amended Complaint.

Plaintiff's disparate treatment claims must be dismissed because: (1) Plaintiff cannot establish a *prima facie* claim of race discrimination in violation of Title VII or § 1981; (2) Defendant has stated legitimate, nondiscriminatory reasons for its actions regarding Plaintiff; (3) Plaintiff cannot show that Defendant's legitimate, nondiscriminatory reasons are a pretext for race discrimination; and (4) Plaintiff's Title VII disparate treatment claims based on conduct other than Plaintiff's demotion fail as a matter of law because they were not the subject of a timely filed EEOC charge.

Plaintiff arguably alleges in his Amended Complaint that he was subjected to a racially hostile work environment. However, Plaintiff has not proffered any race-based conduct on the part of Defendant sufficiently severe and pervasive so as to alter the terms and conditions of his

employment. Further, Plaintiff admits that Defendant had an anti-harassment policy and a reporting procedure by which he could advance complaints directly to the Chief Executive's office. He admits he never used this procedure to complain about any alleged racial harassment or racial discrimination during his employment. Thus, he failed to take advantage of procedures reasonably calculated by the employer to avoid such harm. Moreover, to the extent Plaintiff asserts a claim of hostile work environment under Title VII, such claim fails as a matter of law because it was not the subject of a timely filed EEOC charge. Accordingly, Plaintiff's hostile work environment claims should be dismissed.

Plaintiff bases his retaliation claims on two distinct incidents, neither of which affected the terms and conditions of his employment. Plaintiff's retaliation claims should, therefore, be dismissed because Plaintiff cannot prove that he suffered any adverse employment action as a result of any protected activity on his part. In any event, any claim by Plaintiff for back pay should be dismissed because Plaintiff did not want to be promoted back to Store Manager and refused to take the steps necessary to be promoted. Moreover, Plaintiff's Title VII retaliation claim should be dismissed because it was not the subject of a timely filed EEOC charge.

Finally, Plaintiff's state law claims of negligent supervision and training, negligent retention, and negligence should be dismissed as a matter of law. As an initial matter, such claims are barred by the exclusive remedy provision of the Alabama Workers' Compensation Act. In any event, the claims fail because Plaintiff cannot prove that Defendant breached any duty of care that it allegedly owed to Plaintiff.

A Memorandum in Support of Defendant's Motion for Summary Judgment, including a Statement of Undisputed Material Facts citing pertinent pages and exhibits from the deposition

transcript of Plaintiff, Plaintiff's EEOC Charge and Case Log, and pertinent testimony and exhibits from the Declaration of Dave Deal and the Declaration of Gilbert Redd, is being filed contemporaneously herewith.

        Respectfully submitted,

        LEWIS FISHER HENDERSON
        CLAXTON & MULROY, LLP
        6410 Poplar Avenue, Suite 300
        Memphis, Tennessee 38119
        Telephone (901) 767-6160
        Facsimile (901) 767-7411

        By:   /s/James R. Mulroy, II
              James R. Mulroy, II (TN Bar No. 000098)
              jrmulroy@lfhc.com
              Kelly S. Gooch (TN Bar No. 14325)
              kellyg@lfhc.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this 23rd day of May, 2006, electronically filed the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Maricia Woodham, Esq.
        Sabel & Sabel, PC
        2800 Zelda Road, Suite 100-5
        Montgomery, Alabama 36106

        /s/ James R. Mulroy, II